ELIZABETH FELDMAN ZAR, PLAINTIFF-APPELLANT, v.
PAUL ZAR, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 19, 1956—Decided December 4, 1956.

Before Judges CLAPP, JAYNE and FRANCIS.

*Miss Florence F. Forgotson* argued the cause for appellant.

*Mr. M. Marvin Soperstein* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. A few introductory comments will adequately explain the previous course of this litigation and the subjects of the present appeal. Mrs. Zar instituted the action in quest of a judgment for divorce on the ground of extreme cruelty. The defendant in a filed answer denied generally the allegations of the complaint. Thereafter the defendant by means of a *retraxit* withdrew the answer but recorded an appearance confined to the prayers relating to the custody and maintenance of the child of the marriage, alimony, counsel fees, and costs.

Negotiations evidently ensued pertaining to those branches of the litigation, eventuating in a consent order concerning the possession of the household furniture, the interests of the parties in the residential property, the custody and financial maintenance of the child, and the fee payable to plaintiff's counsel. It was also agreed that the terms and provisions of the consent order should be in due course incorporated in the judgment *nisi* and ultimately in the final judgment. A judgment *nisi* embodying substantially the terms of the consent order followed on January 17, 1956.

The defendant criticized the composition of the judgment *nisi*, but his motion to amend it was denied. With that ruling we are not at present concerned. Pursuant to a notice of a somewhat kindred purport dated March 9, 1956, counsel for the defendant requested a vacation of the judgment *nisi* principally for the reason that neither he, the defendant, nor his attorney received any notice of the trial of the cause, and requested the direction of a retrial of the action on the merits, at which the defendant would be afforded an opportunity to resist the plaintiff's complaint in its entirety.

In consequence of the last mentioned motion an order was granted nullifying the judgment *nisi* and permitting

the defendant "to be heard on the issues of custody and maintenance of the infant child of the marriage and on alimony, counsel fees and costs." April 9, 1956 was designated for the trial. The order, however, embraced the following concession: "If the said defendant desires to proceed in any other manner he shall make application to this Court on or before April 6, 1956 at 10 A. M."

It was on April 9, 1956 that the defendant again appeared and communicated *pro se* to the court his desire to contest all of the elements of the plaintiff's alleged cause of action. His request was gratified, his initial answer was reinstated, and June 12, 1956 was appointed the date for the trial.

The following quotations from the memorandum of the trial judge are descriptive of the occurrences on June 12, 1956:

"This morning when the case was called for trial Miss Forgotson, very discourteously presented the Court with a notice of appeal from an order entered on June 12th, that is today, 1956. The order which this Court signed on the morning of June 12th, 1956 was presented to the Court yesterday, June 11th, 1956, in the lunchroom of the basement of the State House, to the Court by Miss Forgotson. The order appealed from was signed this morning, June 12th, 1956 at about 9:45 and placed in my basket for delivery to the clerk by my secretary. How Miss Forgotson obtained the information that I had signed the order this morning is unbeknown to the Court.

Upon the matter being called this morning for trial, Miss Forgotson presented the Court while in session with a notice of appeal from the order signed this morning at 9:45 with a letter stating that she appeals from an order entered in the matter on June 8th, 1956. * * *

Upon the case being called this morning as herein above stated, Miss Forgotson presented the Court while in session with a notice of appeal and stated very discourteously that she did not intend to proceed with the matter and immediately turned to her client and all of her witnesses who were seated in the courtroom and said, 'come on with me.' And left the courtroom. This statement, for the purpose of the record, was made subsequent to her leaving the courtroom."

Consequentially counsel for the defendant gave notice to the plaintiff of a motion returnable on June 22, 1956 for an involuntary dismissal of the action and for other relief

respecting the custody of the child. Counsel for the plaintiff declined to appear, and on June 26, 1956 an order was entered which, *inter alia,* dismissed the plaintiff's alleged cause of action *with prejudice.* From this order of dismissal the plaintiff has also appealed.

Consolidated for argument and determination are the plaintiff's (1) appeal from the order vacating the judgment *nisi* and (2) the appeal from the order dismissing the plaintiff's action with prejudice.

Anent the first appeal: The trial judge concluded that the defendant retained an interest in the action with relation to the incorporation of all of the terms of the consent order in the judgment *nisi* and that he received no notice whatever of the trial, and also had no knowledge of the judgment *nisi* as composed. Moreover the defendant requested an opportunity to contest the divorce action on its merits.

Assuredly the trial court possessed the discretionary power to reopen a default judgment in a divorce case. *Grant v. Grant,* 84 *N. J. Eq.* 81 (*Ch.* 1914); *Rinehart v. Rinehart,* 91 *N. J. Eq.* 354, 357 (*Ch.* 1920); *Verbeeck v. Verbeeck,* 93 *N. J. Eq.* 17, 18, 19 (*Ch.* 1921); *Feickert v. Feickert,* 98 *N. J. Eq.* 444, 448 (*Ch.* 1926); *Zweig v. Zweig,* 12 *N. J. Misc.* 761, 768 (*Ch.* 1934); *Pierson v. Pierson,* 15 *N. J. Misc.* 117, 121 (*Ch.* 1937); see, *Armour v. Armour,* 138 *N. J. Eq.* 145, 158 (*E. & A.* 1946); *Kress v. Kress,* 1 *N. J.* 257, 260 (1949); *Shore v. Shore,* 11 *N. J.* 23 (1952).

Equally certain it is that the order dislodging the judgment *nisi* to permit the reinstatement of the defendant's answer and the privilege of defending the action was interlocutory in nature. *Sobol v. Chelsea Hotel Corporation,* 1 *N. J.* 13 (1948); *Palm Beach Mercantile Co. v. Ivers,* 2 *N. J. Super.* 5, 9 (*App. Div.* 1949).

Significantly no leave had been obtained on behalf of the plaintiff to prosecute an appeal from the order, and thus the notice of appeal was ineffectual to restrain the progress of the trial on June 12, 1956. Nevertheless counsel for the plaintiff, we are informed, "stated very discourteously that

she did not intend to proceed with the matter * * * and left the courtroom." A member of the bar cannot indulge in such a disrespectful course of conduct without some anticipation of the reasonably foreseeable consequences.

In this instance counsel for the plaintiff deliberately or impulsively in an aggravating and unbecoming manner inspired the order of dismissal to which the second appeal is addressed. Her behavior was evidently prejudicial rather than advantageous to the plaintiff and her request for the allowance to her of a counsel fee of $500 and costs is denied.

Our conclusions are that the appeal from the order vacating the judgment *nisi* be dismissed and that in recognition of the personal interests of the plaintiff the portion of the order of June 26, 1956 dismissing the plaintiff's cause of action *"with prejudice"* be modified to read *"without prejudice."* *Cf. Gibilterra v. Rosemawr Homes, 32 N. J. Super.* 315, 322 (*App. Div.* 1954), affirmed 19 *N. J.* 166 (1955); *Burke v. Central Railroad Company of New Jersey,* 42 *N. J. Super.* 387 (*App. Div.* 1956).

Mandate conformably.